UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| CRAIG R., | § § § |
| Plaintiff, | § § |
| v. | §   Case # 1:21-cv-1188-DB § |
| COMMISSIONER OF SOCIAL SECURITY, | §   MEMORANDUM § §   DECISION AND ORDER |
| Defendant. | § |

## INTRODUCTION

Plaintiff Craig R. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 12).

Plaintiff filed a motion for summary judgment and brief in support (*see* ECF Nos. 8, 9), in response to which the Commissioner filed a motion for judgment on the pleadings and brief in support (*see* ECF Nos. 10, 10-1). Plaintiff also filed a reply brief. *See* ECF No. 11. For the reasons set forth below, Plaintiff's motion for summary judgment (ECF No. 8) is **GRANTED**, the Commissioner's motion for judgment on the pleadings (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed an application for DIB on January 11, 2018, alleging disability beginning March 28, 2016 (the disability onset date), due to bipolar disorder, hypertension, type II diabetes, hyperlipidemia, anxiety, and depression. Transcript ("Tr.") 22, 189-92, 218. Plaintiff's claim was denied initially on April 11, 2018, after which he requested an administrative hearing.

Tr. 22. On October 8, 2019, Administrative Law Judge John Benson ("the ALJ") presided over a video hearing from Lawrence, Massachusetts. Tr. 22, 45-83. Plaintiff appeared and testified in Buffalo, New York, and was represented by Andrew S. Youngman, a non-attorney representative. Tr. 22. James L. Soldner, an impartial vocational expert, also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on December 31, 2019, finding that Plaintiff was not disabled. Tr. 22-38. On February 5, 2021, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's December 31, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his December 31, 2019 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since March 28, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: diabetes; history of right ankle fracture; depression; alcohol abuse (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[1] except capable of engaging in detailed but not complex tasks, consistent with semi-skilled work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 28, 1954 and was 62 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a) and 404.1568(d)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 28, 2016, through the date of this decision (20 CFR 404.1520(g)).

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Tr. 22-38.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits filed on January 11, 2018, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 38.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ erred by "failing to demonstrate that the step 5 jobs relied upon to deny benefits meet the Agency's special rules of transferability." *See* ECF No. 9 at 3-10. In response, the Commissioner argues that the ALJ properly found that the jobs identified by the VE as other work available to Plaintiff would involve very little vocational adjustment for him. *See* ECF No. 10-1 at 8-12.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ did not sufficiently explain Plaintiff's acquired vocational skills or make sufficiently specific findings about their transferability. Accordingly, the ALJ's step five determination was not supported by substantial evidence, and remand is required. *See Draegert v. Barnhart*, 311 F.3d 468, 472-77 (2d Cir. 2002); *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). *see also Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (stating that "we would not hesitate to remand the case for further findings or a clearer explanation for the decision" where we are "unable to fathom the ALJ's rationale in relation to the evidence in the record").

In reaching his conclusions regarding Plaintiff's ability to perform work, the ALJ relied largely on the testimony of a vocational expert ("VE"). The VE testified that Plaintiff's skills from his past work as a business development manager, DOT 189.117-014,[2] included the skills of "following spoken instructions, following written instructions, working as a member of a team, waiting on customers, handling customer complaints, filing documents, moving materials by hand or machine. Giving advice on business related matters." Tr. 71. He then testified that these skills transfer to the jobs of cost clerk, DOT 216.382-034; personnel clerk, DOT 209.362-026; and administrative clerk, DOT 219.362-010. Tr. 71-72. The ALJ then asked the VE:

> What sort of vocational adjustment do you believe is necessary to go from the past work that you discussed to these jobs? Would there be more than a minimal vocational adjustment required?

The VE responded:

> No, your Honor, based on the nature of the past relevant work and the nature of the example jobs provided it would be minimal vocational adjustment, your Honor.

Tr. 72. The ALJ subsequently adopted this testimony in his decision. Tr. 37.

While an ALJ may rely on a VE's testimony on such matters, the ALJ must be certain to properly evaluate that testimony and fully document his analysis and reasoning. *Clark v. Berryhill*, 697 Fed. App'x. 49, 50 (2d Cir. 2017); *see also McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) ("An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumptions upon which the vocational expert based his opinion, and [the hypothetical] accurately reflect[s] the limitations and capabilities of the claimant involved.") (internal quotation marks, citations, and brackets omitted). In this case,

---

[2] DOT 189.117- 014 is technically described in the Dictionary of Occupational Titles ("DOT") as "Director, Research and Development"). *See* Dictionary of Occupational Titles: Parts of the Occupational Definition, available at: https://occupationalinfo.org (last visited Jan. 18, 2023).

the ALJ's decision fails to satisfy the requirement that there be "specific findings by the ALJ on the transferability of vocational skills." *Clark*, 697 Fed. App'x. at 50.

In adopting the VE testimony into his decision, the ALJ stated that his step 5 finding was "[b]ased on the testimony of the vocational expert" and further stated that the "vocational expert testified the claimant's previous work is so similar to the jobs recited above that the claimant would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." Tr. 37-38. However, this is not precisely what the VE testified. The ALJ asked only "[w]hat sort of vocational adjustment do you believe is necessary to go from past work . . . to these jobs? Would that be more than a minimal adjustment?", to which the VE testified "it would be minimal adjustment." Tr. 72. There was no mention of the rest of the legal standard: "in terms of tools, work processes, work settings, or industry." Tr. 72. There was also no explanation by the VE as to "why [those skills] were transferable to those identified jobs." *Clark*, 697 Fed. App'x. at 51. Based on the differences between these occupational groupings, it is not clear to the Court which, if any, skills Plaintiff acquired from his past work as a business development manager would readily transfer to the clerical occupations identified by the VE.[3] It is also unclear what criteria or definition of "minimal adjustment" was considered by the VE. Based on the foregoing, the Court is not satisfied that the requirement of "little, if any, vocational adjustment" was met in this case.

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Ferraris*, 728

---

[3] *See* Dictionary of Occupational Titles: Parts of the Occupational Definition, available at: https://occupationalinfo.org (last visited Jan. 18, 2023). Jobs with DOT codes beginning with "1" are categorized as "Professional, Technical, Managerial Occupations," and jobs beginning with "189" are further categorized as "Miscellaneous Manager and Officials." *Id*. Jobs beginning with a "2" like each of the step 5 jobs identified by the VE are categorized as "Clerical and Sales Occupations." *Id*. Personnel clerk, DOT 209.362-026, is categorized as "Stenography, Typing, Filing, and Related Occupations;" cost clerk, DOT 216.382-034, is categorized as "Accounting and Statistical Clerks;" and administrative clerk, DOT 219.362-010, is categorized as "Computing and Account-Recording Occupations." *See id*.

F.2d at 587. As explained above, the ALJ's decision does not specifically identify the skills that Plaintiff acquired or how those skills transfer to the jobs identified by the VE. In failing to include those findings in his decision, the ALJ did not comply with Social Security Ruling 82-41. Moreover, because the ALJ's decision and the record are devoid of these required findings, the Court is unable to determine that the decision is supported by substantial evidence. Where, as here, an ALJ fails to either set forth with sufficient specificity the claimant's acquired vocational skills or to make sufficiently specific findings about their transferability, and those findings were material to the outcome, remand to the Commissioner is warranted.

Therefore, this case is remanded to the Commissioner to address what skills Plaintiff acquired during his past relevant work and the extent to which those skills are transferable to other jobs existing in significant number in the national economy that Plaintiff can perform given his age, education, work experience, and residual functional capacity.

## CONCLUSION

Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

*[signature]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE